BURNS BROTHERS, Plaintiff, *v.* MEYER C. SOLOMON, Defendant.

City Court of New York, New York County, August 11, 1933.

*Frost & Howell* [*Morris Epstein* of counsel], for the plaintiff.

*Arthur G. Solomon,* for the defendant.

RYAN, J.  The facts are conceded, and show that defendant executed a guaranty to the plaintiff in the following language: "Burns Bros. Personal guarantee of account.  In consideration of the sale of coal by Burns Bros. to A. H. and L. Holding Corp'n, the undersigned hereby personally unconditionally guarantee the payment of any and all bills for coal to be delivered by Burns Bros. to said A. H. & L. Holding Corp'n, at its various buildings and premises.  This guarantee shall be a continuing one and shall remain in full force and effect as long as sales are made to said A. H. & L. Holding Corp'n, and the undersigned expressly agrees that this guarantee shall be in no wise affected by any extensions of credit or time of payments, and waives any and all notice of shipments, defaults or delinquencies of any nature.  The undersigned may at any time terminate this guarantee by giving ten days' notice in writing to Burns Bros. by registered mail addressed to its office at No. 50 Church street, New York City, whereupon the liability of the undersigned shall terminate as to deliveries made subsequent to the expiration of said ten day period but shall nevertheless continue in full force and as to all deliveries made at any time prior to the expiration of said ten day period.  Dated New York, Oct. 4th, 1929.  Meyer C. Solomon, 200 5th Ave. Witness: Hans Forbriger."

The A. H. & L. Holding Corporation failed to pay the amount due to the plaintiff herein and an action was instituted.  At the trial of said action the same was marked settled in the sum of $1,800, which amount it was stipulated was to be paid in installments and in default of any of which the balance remaining unpaid would become due and that judgment could be entered for such balance.  Default was made in payment of first installment and judgment was duly entered against said A. H. & L. Holding Corporation in favor of the plaintiff.

The question presented is whether the defendant in the case at bar was discharged by the settlement entered into between the plaintiff and the principal debtor.  The settlement of the original action resulted in a new agreement between those parties to the effect that the litigation was settled and terminated.  When the cause was marked settled in open court, it was as if it had never been begun.  Thus the old cause of action was terminated and a new liability substituted therefor, which superseded the old. (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435.)  The

contract of settlement entered into between the parties to the original action was concededly valid in itself, and thereby the original claim became extinguished and a new one substituted. It seems to me, therefore, the defendant guarantor is discharged by operation of law. Verdict directed in favor of the defendant. Exception to plaintiff. Fifteen days' stay and thirty days to make a case.